# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY M. SMALLS, #267031<br>Plaintiff, | * | |
| v. | * | Civil No. CCB-16-4041 |
| THE PRINCE GEORGE'S COUNTY<br>CIRCUIT COURT OF MARYLAND<br>COURT CLERK'S OFFICE, *et al.*<br>Defendants. | *<br><br>* | |

*****

## **MEMORANDUM**

Anthony M. Smalls ("Smalls") has filed a 42 U.S.C. § 1983 complaint for declaratory, injunctive, and monetary relief against "The Prince George's County Circuit Court of Maryland Court Clerks Office" and its "court clerks." In his complaint, filed on December 15, 2016, Smalls claims his right of access to the courts was violated due to the failure of the state court clerk's office staff to properly handle and accept for filing his petitions to reopen his post-conviction proceedings and other "relative petitions," submitted in 2015 and 2016, that collaterally attack his conviction and sentence. (ECF No. 1, 2). He maintains that four of his petitions were intentionally discarded and that he did not become aware of this until June 2016. (*Id.* 6).

The defendants have filed a motion to dismiss or, in the alternative, for summary judgment. (ECF No. 13). Smalls has filed an opposition.[1] (ECF No. 22). The defendants' dispositive motion will be treated as a motion for summary judgment and, for the following reasons, will be granted

---

[1] On March 28, 2017, Smalls also filed a motion for entry of default pursuant to Fed. R. Civ. P.

without a hearing. *See* Local Rule 105.6. (D. Md. 2016).

## BACKGROUND

According to evidence offered by the defendants, Smalls was convicted by a jury of first-degree rape, kidnapping, and other related felonies in the Circuit Court for Prince George's County in 1997. *See State v. Smalls*, Case No. CT962473X. The conviction was affirmed by the Court of Special Appeals of Maryland in March 1998. In October 1998, Smalls filed a petition for post-conviction relief. A hearing was conducted in April 1999, and relief was denied by Circuit Court Judge Sherrie L. Krauser on December 29, 1999. His application for leave to appeal that ruling was denied by the Court of Special Appeals in January 2001. (*See* ECF No. 13-2, 11–17).

The defendants maintain that Smalls filed a petition to reopen post-conviction proceedings in the circuit court on September 23, 2011, which was denied by Circuit Court Judge Michael P. Whalen on November 3, 2011. On July 16, 2012, he filed a second petition to reopen post-conviction proceedings, which was denied by Judge Whalen on August 2, 2012. On October 22, 2012, Smalls filed a third petition to reopen post-conviction proceedings, which was denied by Judge Whalen on December 18, 2012. On January 23, 2015, Smalls filed a fourth petition to reopen post-conviction proceedings. On December 18, 2015, he made three submissions to the court: a petition to withdraw his previous petition to reopen post-conviction proceeding without prejudice – which also requested permission to submit a replacement petition to reopen – and two separate petitions to reopen post-conviction proceedings. On April 12, 2016, Smalls filed a petition to hold a hearing on his request to reopen post-conviction proceedings. (ECF No. 13-2, 3, 20–21). The defendants maintain the various petitions were filed and docketed in his criminal case and

---

55(a). (ECF No. 11). That motion shall be denied. The defendants timely filed their responsive pleading on April 3, 2017, and are not in violation of any court order.

transmitted to the circuit court judge assigned to post-conviction matters, where they remain for disposition. (*Id.* 3, 20–21).

The defendants present several defenses. In particular, the defendants claim that 1) they are immune from suit; 2) they are not "persons" subject to suit under 42 U.S.C. § 1983; 3) Smalls has failed to state any plausible claim for which relief can be granted; and 4) Smalls has failed to plead satisfaction of a condition precedent to filing suit. (ECF No. 13-1, 5–17). In opposition, Smalls contends that four petitions related to his motion to reopen post-conviction proceedings were not properly handled. He claims, for instance, that he filed two motions – one to withdraw a previous petition to reopen post-conviction proceedings, and the other to reopen post-conviction proceedings – on July 14, 2015, which are not listed on the state court docket. (*See* ECF No. 22, 19 & Exs. A & B). Smalls also suggests that the defendants inappropriately filed two petitions on December 18, 2015, that were not submitted by the plaintiff. (*Id.* 19).

**LEGAL STANDARD**

The defendants' motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. A motion styled in this manner implicates the court's discretion under Fed. R. Civ. P. 12(d). *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436–37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). If, when ruling on a motion under Rule 12(b)(6), a court considers matters outside of the pleadings, the motion "must be treated as one for summary judgment," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Adams Housing, LLC v. City of Salisbury, Maryland*, 672 Fed. App'x. 220, 222 (4th Cir. 2016) (per curiam). However,

3

when the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2011 Supp.). In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action" and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165–67.

Because the defendants have filed and relied on a declaration and exhibit attached to their dispositive motion, (ECF No. 13-2), their motion shall be treated as one for summary judgment. Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247–48. "A party opposing a properly supported

motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015).

Because Smalls is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

## ANALYSIS

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). In particular, inmates must be provided the "tools" they need in order to attack their sentences, directly or collaterally, and to challenge the conditions of their confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). However, "a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis*, 518 U.S. at 356). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. It is a basic requirement that the inmate asserting the claim show specific harm or prejudice from the allegedly

5

denied access. *See Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993). Specifically, the injury requirement is not satisfied by any type of frustrated legal claim; the prisoner must demonstrate that his non-frivolous, post-conviction or civil rights legal claim has been frustrated or impeded. *See Lewis,* 518 U.S. at 352–55.

To the extent that Smalls claims the defendants have mishandled and discarded his petitions, he has shown no harm from that alleged deprivation. The verified record shows the defendants received, filed, and docketed petitions from Smalls in December 2015 and April 2016. In particular, the defendants received, filed, and docketed the plaintiff's petition to withdraw a previously filed petition to reopen post-conviction proceedings, and, separately, a new petition to reopen post-conviction proceedings, on December 18, 2015. (ECF No. 13-2, 3, 21). The defendants also received, filed, and docketed the plaintiff's petition to hold a hearing on his petition to reopen post-conviction proceedings on April 12, 2016. These petitions remain pending before a circuit court judge for disposition. (*Id.*). Smalls indicates that separate petitions to withdraw and to reopen, which the clerk's office received for filing on July 14, 2015, are not noted on the state court docket. (ECF No. 22, 19 & Exs. A & B). However, he has failed to show how those petitions substantially differ from the petitions to withdraw and to reopen entered on the docket roughly five months later. In any event, he has failed to demonstrate that the arguments and claims raised in those petitions are not being considered by the circuit court and that the defendants' alleged actions or inactions caused him real and actual injury.

## CONCLUSION

As Smalls has failed to demonstrate a violation of his Fourteenth Amendment rights, the defendants are entitled to summary judgment. For this reason, the defendants' dispositive motion,

construed as a motion for summary judgment, shall be granted.[2] Judgment shall be entered in favor of the defendants and against Smalls. A separate Order follows.


Date:   June 23, 2017                               /S/
                                            Catherine C. Blake
                                            United States District Judge

---

[2] In light of the court's ruling on the merits of Smalls' access-to-courts claim, the court need not examine the defendants' other arguments, including arguments regarding their alleged immunity and their status as a "person" under 42 U.S.C. § 1983.

7